The Honorable Michael J. Satz State Attorney Seventeenth Judicial Circuit Suite 600 Broward County Courthouse Fort Lauderdale, Florida 33301
Dear Mr. Satz:
This is in response to your requst for an opinion on substantially the following question:
 WOULD IT BE A VIOLATION OF s 116.111, F.S., TO ALLOW A CORPORATION OWNED BY THE BROTHER-IN-LAW OF A STATE ATTORNEY TO BE ONE OF TWO COMPANIES AUTHORIZED TO PROVIDE A DENTAL INSURANCE PROGRAM TO EMPLOYEES OF THAT STATE ATTORNEY'S OFFICE?
Your question is answered in the negative.
According to information furnished this office, your office has been approached by several dental insurance companies offering their services to the employees of your office. You state that to the best of your knowledge, only two of the programs have been approved by the Judicial Administrative Commission. One of these programs is offered by a corporation in which your brother-in-law is a principal and you plan to allow both of these programs which have been approved by the Judicial Administrative Commission to offer their services so that each individual employee of your office may take advantage of the program which he or she deems most appropriate for their needs. You question whether it would be a violation of s 116.111, F.S., the Antinepotism Law, to allow a corporation owned by your brother-in-law to be one of the two companies permitted to provide a dental insurance program to employees of your office.
Section 116.111(2)(a), F.S., provides as follows:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control
any individual who is a relative of the public official. . . . (e.s.)
There is no question that for the purposes of s 116.111, F.S., as State Attorney, you are a `public official' within the definitional purview of s 116.111(1)(b), F.S., and your brother-in-law is a `relative' within the definitional purview of s 116.111(1)(c), F.S. However, our antinepotism law prohibits you only from the appointment, employment, promotion, advancement or recommendation therefor of a relative in or to a position in theoffice or agency you serve or over which you exercise jurisdictionor control; it contains nothing that either expressly or impliedly prohibits business relationships or transactions between your office and your brother-in-law's corporation. According to the facts as outlined to me, as State Attorney you would not be appointing, employing, promoting, advancing, or advocating therefor your brother-in-law or his corporation in or to aposition within your office or agency or in any way putting your brother-in-law or his corporation on the public payroll. I am therefore of the opinion that s 116.111, F.S., is inapplicable to this factual situation and does not work to prohibit or regulate such a business relationship. Cf., AGO 071-264, concluding, among other things, that the antinepotism law does not expressly or impliedly prohibit business transactions between relatives.
In summary, it is my opinion that it would not be a violation of the Antinepotism Law, s 116.111, F.S., for a State Attorney to allow a corporation owned by his brother-in-law to be one of two companies authorized to provide a dental insurance program to employees of his office, since under such facts, neither the brother-in-law nor the brother-in-law's corporation would be appointed to or employed by or hold a position in the office or agency in which the State Attorney serves or over which he exercises jurisdiction or control.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General